MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. A jury in the Circuit Court of Walt-hall County found Clark David Brumfield not guilty by reason of insanity of first-degree arson. The circuit court ordered Brumfield committed to the Mississippi State Hospital in Whitfield, Mississippi. Several years later, the state hospital, on Brumfield’s behalf, sought Brumfield’s conditional release. Following a hearing, the circuit court denied the state hospital’s request and ordered Brumfield to remain in Whitfield. Brumfield appeals from this decision.
 

 ¶ 2. Until recently, there was no statutory procedure in place in Mississippi for considering the release of an insanity ac-quittee. During the pendency of the present appeal, our Legislature established such a procedure. Given that the circuit court made no findings regarding Brum-field’s mental state or his dangerousness to the community, and in light of the Legisla
 
 *1233
 
 ture’s recent enactment, we vacate the circuit court’s judgment and remand this case for an expedited hearing to be conducted in a manner consistent with this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. On July 10, 2003, a Walthall County grand jury indicted Brumfield for first-degree arson. The indictment alleged that Brumfield burned the home of Linda Hightower, his girlfriend at the time. According to the State, Brumfield set fire to Hightower’s house while she was present inside, although she was able to escape uninjured. The State maintains that Brumfield’s conduct was a result of his belief that “among other things, ‘spirits’ within her were having sex with her.” Further, the State alleges Brumfield’s “actions were routinely governed by ‘voices[.]’ ”
 

 ¶ 4. On February 5, 2004, the jury found Brumfield not guilty by reason of insanity. In rendering its verdict, the jury specifically found that Brumfield had not been restored to his sanity and was a danger to the community.
 
 See
 
 Miss.Code Ann. § 99-13-7 (Supp.2009). Accordingly, the circuit court ordered Brumfield committed to the state hospital until further order of the court.
 
 See id.
 

 ¶ 5. On November 5, 2007, the state hospital, on behalf of Brumfield, filed a petition in the circuit court for conditional release. The State objected arguing that Brumfield was a danger to the community and that he should be housed indefinitely at the state hospital. The circuit court held a hearing on the matter.
 

 ¶ 6. The only testimony at the hearing came from Brumfield’s treating physician, Dr. Sondra F. Holly, and Brumfield’s mother, Vergie Bracey. Dr. Holly began treating Brumfield in 2007 after the Discharge Advisory Committee (DAC) at the state hospital found Brumfield could be transferred to a unit with a lower level of care. After treating Brumfield for about one year, Dr. Holly determined that Brum-field should be discharged, and she presented Brumfield’s case to the DAC. The DAC agreed that Brumfield could be discharged, subject to certain conditions. These included that Brumfield regularly follow up with the mental health center, that he be medication compliant and that he refrain from using illicit drugs.
 

 ¶ 7. Dr. Holly testified that Brumfield had worked at the state hospital and successfully completed a behavioral program. Also, Dr. Holly had given Brumfield regular passes to leave the state hospital, and there had been no problems reported. In her opinion, Brumfield was not a danger to himself or the community.
 

 ¶ 8. Brumfield’s mother, Bracey, testified that if Brumfield were released, he could live in her home. She claimed that she would assume responsibility for ensuring Brumfield took his medication and attended his appointments.
 

 ¶ 9. Following the hearing on February 11, 2009, the circuit court entered an order denying the state hospital’s petition and ordering that Brumfield continue to be retained. The order did not include a finding as to whether Brumfield had regained his sanity or whether he was a danger to the community.
 

 ¶ 10. On appeal, Brumfield argues: (1) the circuit court erred in denying the petition when it did not make a finding that he was a danger to the community, and (2) a person acquitted by reason of insanity may not be held indefinitely at the state hospital when he is no longer a danger to the community.
 

 DISCUSSION
 

 ¶ 11. Until recently, Mississippi had no statutory procedure for considering the re
 
 *1234
 
 lease of a defendant confined to a psychiatric hospital
 
 after
 
 being found not guilty by reason of insanity but still a danger to the community. During the pendency of this appeal, the Mississippi Legislature amended section 99-13-7 to include such a procedure. Section 99-13-7, as amended, provides:
 

 (1) When any person is indicted for an offense and acquitted on the ground of insanity, the jury rendering the verdict shall state in the verdict that ground and whether the accused has since been restored to his sanity and whether he is dangerous to the community. If the jury certifies that the person is still insane and dangerous, the judge shall order him to be conveyed to and confined in one of the state psychiatric hospitals or institutions.
 

 (2)
 
 There shall be a presumption of continuing mental illness and dangerousness of the person acquitted on the ground of insanity. The presumption may be challenged by the person confined to the state psychiatric hospital or institution and overcome by clear and convincing evidence that the person has been restored to sanity and is no longer dangerous to the community.
 
 The court ordering confinement of the person to a state psychiatric hospital or institution shall conduct the hearing to determine whether the person has been restored to sanity and is no longer dangerous to the community. The person shall have the right to counsel at the hearing and if the person is indigent, counsel shall be appointed. The provisions of this subsection shall not apply to a person found by the jury to have been restored to sanity and no longer a threat to the community.
 

 2010 Miss. Laws S.B. 2841 (emphasis added). In the same Act, the Legislature created a new statute to be codified as section 41-21-88, which states that “[a] person committed pursuant to [sjection 99-13-7 shall not be released for any reason without order of the court having confined the person.”
 
 [1]
 
 The newly enacted law further provides: “This act shall take effect and be in force from and after its passage.”
 
 Id.
 

 ¶ 12. Here, the circuit court made no findings as to whether Brumfield had been restored to his sanity or was no longer dangerous. Rather, the court denied the state hospital’s petition for conditional release without explanation and ordered Brumfield to be retained at the state hospital. However, as the parties agree, when the circuit court considered this matter, Mississippi had no statutory scheme in place for considering the release of insanity acquittees from confinement. Nor had our appellate courts ever addressed the proper procedure.
 

 ¶ 13. Under the framework adopted by our Legislature, there is a presumption that Brumfield continues to be mentally ill and dangerous.
 
 Id.
 
 Brumfield is entitled to be released only if he overcomes this presumption “by clear and convincing evidence that [he] has been restored to sanity
 
 and
 
 is no longer dangerous to the community.”
 
 Id.
 
 (emphasis added). The circuit court is required to conduct a hearing to make these determinations.
 
 Id.
 

 ¶ 14. We find the circuit court should be provided an opportunity to provide findings in light of the new framework adopted by our Legislature in its March 29, 2010
 
 *1235
 
 enactment, which is to be codified as section 99-13-7(2). 2010 Miss. Laws S.B. 2841. Although a hearing was conducted, there was no such statutory procedure in place at the time. In addition, the circuit court made no determination as to whether Brumfield was restored to his sanity or remained a danger to the community. Accordingly, we vacate the circuit court’s order, remand the case for another hearing to be held in accord with the directives of our Legislature, and instruct the circuit court to make specific findings thereon.
 

 ¶ 15. We note our concern with whether this procedure complies with the due-process requirements set forth by the United States Supreme Court in
 
 Jones v. United States,
 
 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983) and
 
 Foucha v. Louisiana,
 
 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). The Supreme Court has held that because an insanity acquittee has not been convicted, he may not be punished.
 
 Jones,
 
 463 U.S. at 369, 103 S.Ct. 3043;
 
 see also Foucha,
 
 504 U.S. at 72, 112 S.Ct. 1780. Due process requires “the nature and duration of commitment [to] bear some reasonable relation to the purpose for which the individual is committed.”
 
 Jones,
 
 463 U.S. at 368, 103 S.Ct. 3043. Thus, “[t]he purpose of commitment following an insanity acquittal, like that of civil commitment, is to treat the individual’s mental illness and protect him and society from his potential dangerousness.”
 
 Id.
 

 ¶ 16. In
 
 Jones,
 
 the Supreme Court held: “[T]he Constitution permits the Government, on the basis of [an] insanity judgment, to confine [an insanity acquittee] to a mental institution until such time as he has regained his sanity
 
 or
 
 is no longer a danger to himself or society.”
 
 Jones,
 
 463 U.S. at 370, 103 S.Ct. 3043 (emphasis added). Thus, under
 
 Jones,
 
 if just one of these two bases is present, the insanity acquittee must be released. Thereafter, in
 
 Foucha,
 
 the Supreme Court reiterated its prior holding that “ ‘the committed acquittee is entitled to release when he has recovered his sanity or is no longer dangerous[.]’ ”
 
 Foucha,
 
 504 U.S. at 77, 112 S.Ct. 1780 (quoting
 
 Jones,
 
 463 U.S. at 368, 103 S.Ct. 3043) (emphasis added). That is, “the acquittee may be held as long as he is both mentally ill and dangerous, but no longer.”
 
 Id.
 
 The Court further stated that “as a matter of due process ... it [is] unconstitutional for a[s]tate to continue to confine a harmless, mentally ill person.”
 
 Id.
 
 (citing
 
 O’Connor v. Donaldson,
 
 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975)).
 

 ¶ 17. However, the constitutionality of section 99-13-7, as amended, has not been raised by either party, no doubt because the Legislature passed the subject statute during the pendency of this appeal. Thus, we are without the benefit of briefing or oral arguments on this issue. Where neither party raises the constitutionality of a statute on appeal, the issue is not properly before us.
 
 See Arceo v. Tolliver,
 
 949 So.2d 691, 696 (¶ 9) (Miss.2006) (citations omitted). Therefore, aside from the above-noted concerns, we decline to address this issue. This opinion should not be construed as stating a position on the constitutionality of section 99-13-7, as amended, although upon remand, the parties may raise this issue.
 

 CONCLUSION
 

 ¶ 18. In summary, the circuit court made no findings regarding Brumfield’s mental state or his dangerousness. Given the Legislature’s recent enactment detailing the procedure for considering the release of persons found not guilty by reason of insanity, we find it appropriate to vacate the circuit court’s order and remand this matter for the trial court to conduct an
 
 *1236
 
 expedited hearing. We instruct the circuit court to make specific findings in light of the Legislature’s directives.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY IS VACATED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WALT-HALL COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
 

 [1]
 

 . Pursuant to tills section, prior to an insanity acquittee's release, notice must be given to "the sheriff of the county where the offense was committed, the sheriff of the county of the committed person's destination and the crime victim or an immediate family member[.]” 2010 Miss. Laws S.B. 2841.